UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV19-3-MU

ALVIN BARRY COLEMAN,           )
                               )
        Petitioner,            )
                               )
        v.                     )        **O R D E R**
                               )
JAMES H. HARDY, Superintendent of  )
Nash Correctional Inst.,       )
                               )
        Respondent.            )
_____)

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1); Respondent's Answer and Motion for Summary Judgment (Doc. Nos. 3 and 4) and Petitioner's response to Respondent's Motion for Summary Judgment (Doc. No.9.) For the reasons herein, Respondent's Motion for Summary Judgment is granted and Petitioner's Petition for Writ of Habeas Corpus is denied and dismissed.

**I. Procedural History**

A review of the record reveals that on February 3, 2005, Petitioner was convicted, after trial by jury, of possession with intent to sell or deliver cocaine, possession of marijuana, and attaining habitual felon status. Petitioner was sentenced to 120--153 months imprisonment. On March 7, 2006, the North Carolina Court of Appeals issued an unpublished opinion finding no error. (State of North Carolina, 2006 N.C. App., Lexis 508 (March 2006); Ex. 1 to Respondent's Motion for Summary Judgment.) On May 26, 2006, Petitioner filed a pro se certiorari petition in the Supreme Court of North Carolina. (Ex. 2 to Respondent's Motion for Summary Judgment.) Certiorari was

1

denied on June 29, 2006. (State of North Carolina v. Coleman, 360 N.C. 539 (June 29, 2006); Ex. 3 to Respondent's Motion for Summary Judgment.) Petitioner filed a motion for appropriate relief (MAR) in the Superior Court of Gaston County on or about September 1, 2006. (Ex. 4 to Respondent's Motion for Summary Judgment.) The Honorable Jesse B. Caldwell, III, summarily denied Petitioner's MAR on September 29, 2006. (Ex. 5 to Respondent's Motion for Summary Judgment.) On October 13, 2006 Petitioner filed a certiorari petition in the North Carolina Court of Appeals, which was denied on October 26, 2006. (Ex's 6 and 7 to Respondent's Motion for Summary Judgment.) Petitioner filed the instant federal habeas application on January 16, 2007 in which he contends: (1) probable cause did not exist for issuing a search warrant which violated his rights; (2) no substantial evidence was presented to prove that he knowingly possessed cocaine; and (3) he received ineffective assistance of counsel at trial.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly

established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits,'" that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

As his first claim for relief, Petitioner contends that probable cause did not exist for issuing a search warrant which violated Petitioner's rights. In support of this argument, Petitioner asserts that the magistrate's warrant was issued based on the uncorroborated statement of an informant who was not known to the officer as reliable.

Stone v. Powell, 428 U.S. 465, 482 (1976), bars a federal court from granting habeas relief on a Fourth Amendment violation if "the State has provided a full and fair litigation" of the claim. Petitioner was afforded a full and fair opportunity to go to trial and litigate this Fourth Amendment search and seizure claim. Indeed, the record establishes that counsel filed a pre-trial motion to suppress and a voir dire suppression hearing was conducted before Judge Cayer on January 31, 2005. (See Transcript of Motion to Suppress.) At this hearing, Petitioner was afforded a full and fair

3

opportunity to present whatever competent evidence he had to support his Fourth Amendment claim. At the conclusion of this hearing, Judge Cayer denied Petitioner's motion to suppress. (Transcript of Motion to Suppress at 39-40.) On direct appeal, Petitioner again raised the substance of his current Fourth Amendment claim. (Ex. 9 to Respondent's Motion for Summary Judgment at 3-7.) The North Carolina Court of Appeals adjudicated and denied the substance of Petitioner's current Fourth Amendment search and seizure claim. (Ex. 11 to Respondent's Motion for Summary Judgment.) Petitioner again raised the substance of his current claim in his certiorari petition on direct review to the Supreme Court of North Carolina, which was denied. (Ex's 2 and 3 to Respondent's Motion for Summary Judgment.) There is no doubt that Petitioner was given a full and fair opportunity to litigate the substance of his current Fourth Amendment search and seizure claim in the state court. Therefore, federal habeas review of Petitioner's Fourth Amendment claim is barred by Stone v. Powell (federal habeas review not available for Fourth Amendment claims where petitioner was afforded opportunity for full and fair litigation of claim in state court).

Next, Petitioner contends that there was no substantial evidence presented to prove that he knowingly possessed cocaine. In support of this claim, Petitioner asserts that the defense presented evidence that someone else brought the cocaine to Petitioner's home when he was not there and that the existence of the cocaine was kept from him.

The standard of review on federal habeas corpus of a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Wright v. West, 505 U.S. 277 (1992); Jackson v. Virginia, 443 U.S. 307 (1979). Furthermore, the Supreme Court has held that any claim of insufficient evidence is necessarily a federal due process claim. See

Jackson v. Virginia, 443 U.S. at 321; In re Winship, 397 U.S. 358 (1970). See also West v. Wright, 931 F.2d 262, 266 (4th Cir. 1991) (any challenge to sufficiency of evidence is necessarily due process challenge), Overruled on other grounds, 505 U.S. 277 (1979).

Here, the evidence was sufficient to support Petitioner's convictions. The North Carolina Court of Appeals adjudicated and denied Petitioner's sufficiency of the evidence claim on the merits as follows;

> Defendant next argues the trial court erred in denying defendant's motion to dismiss the possession charges as there was insufficient evidence of constructive possession of any controlled substances by defendant, and there was testimony identifying the owner of the controlled substances that were found. We do not agree.
>
> In ruling upon a motion to dismiss, the trial court must view the evidence in the light most favorable to the State, which is entitled to every reasonable inference to be drawn therefrom. State v. Hyatt, 355 N.C. 642, 666, 566 S.E.2d 61, 77 92002), cert. denied, 537 U.S. 1133, 123 S. CT. 916, 154 L.Ed. 2d 823 (2003). "If there is 'substantial evidence' of each element of the charged offense and of defendant being the perpetrator of he offense, the motion should be denied." State v. Rich, 87 N.C. App. 380, 382, 361 S.E.2d 321, 323 (1987). "Substantial evidence is that amount of evidence which a reasonable mind might accept as adequate to support a conclusion." Id.
>
> To convict an individual of possession with intent to sell and deliver a controlled substance, the State must prove that (1) defendant possessed the controlled substance, and (2) intended to sell or distribute it. N.C. Gen. Stat. § 90-95(a0(1) (2005); State v. Creason, 313 N.C. 122, 129, 326 S. E. 2d 24, 28 (1985). Possession may be actual or constructive. State v. Perry, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). A person constructively possesses a substance "when, while not having actual possession , he has the intent and capability to maintain control and dominion over that thing." State v. Beaver, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986). "As with other questions of intent, proof of constructive possession usually involves proof by circumstantial evidence." Id. "Where [controlled substances] are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on an charge of unlawful possession." State v. Harvey, 281 N.C. 1, 12, 187 S.E.2d 706. 714 (1972). This Court has held the State may show a defendant had constructive possession by producing evidence that a defendant "maintained the premises as a residence, or had some apparent proprietary interest in the premises or the controlled substance." State v. Hamilton, 145 N.C. App. 152, 156, 549 S.E.2d 233, 235 (2001). "However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other

incriminating circumstances before constructive possession may be inferred." State v. Davis, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989).

In the instant case, officers seized a court document indicating defendant resided at the house where the contraband was found. The evidence also indicates defendant was on the porch of the residence with his juvenile son. As an officer was taking defendant into custody, the officer observed crack cocaine within arm's reach of defendant on the porch of the residence. Officers also discovered crack cocaine in the kitchen of the residence. Based on the foregoing, we conclude the trial court did not err in denying defendant's motion to dismiss.

This state court adjudication on the merits is correct. The state court decision did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, I.e. <u>Jackson v. Virginia</u> and <u>Wright v. Wright</u>. Nor is the state court adjudication based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. Therefore, the North Carolina Court of Appeals' opinion will not be overturned under the deferential standards of review contained in section 2254(d) and (e). See <u>Bell v. Cone</u>, 543 U.S. 447 (2005) (The federal habeas statute "dictate a highly deferential standard for evaluating state-court rulings, which demands theat state-court decisions be given the benefit of the doubt.") (internal quotations marks and citation omitted), <u>Yarborough v. Alvorada</u>, 541 U.S. 652 (2004) and <u>Early v. Packer</u>, 537 U.S. 3 (2002) (state court need not cite or even be aware of United States Supreme Court cases in order to obtain deferential standards of review).

As his last claim for relief, Petitioner contends that he received ineffective assistance of counsel at trial. Petitioner contends that he did not testify at trial but counsel nevertheless elicited prejudicial information disclosing that he had a prior conviction, was on intensive probation and had a previous search warrant issued against him.

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992.). The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Petitioner complains that counsel elicited from defense witness, Romeal Quon Brice, Petitioner's son, that Petitioner had a prior criminal records and was on intensive probation. Petitioner fails to mention that counsel elicited from Brice that another individual named Garvin sold drugs on the corner near Petitioner's home, and his father, according to Brice, told Brice and his brother Troy, not to bring drugs to his house because he was on intensive probation, subject to search at anytime and would be "gone" [sent back to prison] if any drugs were found in the house. (Transcript at 200-201.) This testimony was helpful to the defense because the strategy was to

7

suggest that Petitioner had strong motivation to keep drugs out of his house, that other people in the neighborhood sold drugs and had them around his house and the drugs the police found in his house during the search belonged to others, who brought it there without his consent or knowledge. Thus, counsel's cross-examination of Petitioner's son, Romeal Brice, constituted competent, effective assistance. Petitioner has not established either prong of the Strinckland test and his ineffective assistance of counsel claim must be denied.

Next, Petitioner argues that his counsel was ineffective in eliciting in cross examination of Office Bryson the fact that a previous search warrant had been issued against Petitioner. Again, Petitioner does not mention that counsel also elicited from Officer Bryson that he did not know if Petitioner was ever charged with anything as a result of that search, i.e., " . . .Mr. Coleman wasn't charged with anything like that, was he? Officer Bryson responded, "I'm not sure he was charged." (Transcript at 165.) It is obvious that counsel was attempting to establish that Petitioner's residence had been searched before and he was not charged. This testimony was helpful for the defense and not prejudicial. Petitioner has not established either prong of the Strickland test and his claim of ineffective assistance of counsel must, therefore, be denied.

Furthermore, Petitioner raised the substance of his current ineffective assistance of counsel claims in his MAR. Judge Caldwell's summary denial is correct.[1] It did not result in a decision

---

[1] Judge Caldwell summarily denied Petitioner's MAR using the familiar "no probable grounds for relief" language. The Fourth Circuit has held this type of language constitutes a summary adjudication and denial on the merits, entitled to deferential review under 28 U.S.C. §2254(d) and (e). See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000) (en banc) (dissenting opinion pointing out that both the majority of the en banc panel and the dissenters agree that a perfunctory state court order by a North Carolina Superior Court judge denying an MAR solely on the grounds that the MAR "fails to state a claim upon which relief can be granted", without any citation of authority, is an adjudication on the merits for purposes of 28 U.S.C. § 2254(d)(1)), cert. denied, 534 U.S. 830 (2001).

contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, i.e. Strickland v. Washington. Nor was it based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding. Therefore, Petitioner's ineffective assistance of counsel claims will also be denied pursuant tot he deferential standards contained in 28 U.S.C. § 2254(d) and (e).

## IV. Order

**THEREFORE IT IS HEREBY ORDERED** that

(1) Respondent's Motion for Summary Judgment (Document No. 4) is **GRANTED**; and

(2) Petitioner's § 2254 Motion (Document No. 1) is **DENIED** and **DISMISSED**.

**SO ORDERED**.

Signed: May 8, 2008

Graham C. Mullen
United States District Judge